**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**YOLANDA WEBB**                                      **PLAINTIFF**

**v.**                                **CIVIL ACTION NO.:** <u>3:23CV35-NBB-RP</u>

**MEMPHIS GOODWILL, INC.**                          **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Yolanda Webb, by and through counsel, Watson & Norris, PLLC, files this action against the Defendant, Memphis Goodwill, Inc.   As more specifically set forth below, Plaintiff was discriminated against based on her sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and age in violation of the Age Discrimination in Employment Act of 1967, as amended.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.     Plaintiff, Yolanda Webb, is an adult male citizen who previously resided in Lafayette County, Mississippi at the time of her employment with Defendant.

2.     Defendant, Memphis Goodwill, Inc., is a Tennessee corporation licensed to do business in the state of Mississippi that may be served with process by serving its registered agent: C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.     This Court has federal question jurisdiction for actions that arise under Title VII and the ADEA.

4.     This Court has personal and subject matter jurisdiction over the Defendant

1

and venue is proper in this Court.

5.  Plaintiff timely filed a Charge of Discrimination with the EEOC for Sex Discrimination and Age Discrimination on May 27, 2022, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on November 30, 2022, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF FACTS

6.  Plaintiff was a 49-year-old female who resided in Lafayette County, Mississippi at the time of her termination by Defendant.

7.  Plaintiff was hired on July 29, 2013, as an Assistant Team Lead at Memphis Goodwill, Inc. (MGI).

8.  Plaintiff's work schedule was five days on and two days off with 11-hour shifts.

9.  On June 9, 2021, Plaintiff suffered a back injury while on the job.

10.  On August 18, 2021, Spine Specialist Dr. Winfred Bernard Abrams at OrthoSouth in Southaven sent a letter to MGI outlining medical restrictions for Plaintiff.

11.  Among other restrictions, Dr. Abrams specifically indicated that Plaintiff should only work six to eight hours per day.

12.  MGI was slow to comply with the medical restrictions, yet beginning on or around August 22, 2021, Plaintiff was started on eight-hour shifts.

13.  During October 2021, Plaintiff began receiving treatment from Dr. Abrams.

14.  On November 23, 2021, Dr. Abrams removed the medical restrictions and released Plaintiff back to full duty beginning November 24, 2021.

15.  In December 2021, Plaintiff returned to a full duty work schedule, with

11-hour shifts.

16. On or around February 16, 2022, while at work, Plaintiff injured her back again.

17. Plaintiff contacted Safety Officer Cynthia Roberts, Human Resources Representative Marlyn Holman and Team Leader Coach/Store Manager Jennifer Anderson.

18. Ms. Holman and Ms. Roberts told Plaintiff that this second injury would be considered a new claim and they had Plaintiff fill out a new incident report.

19. Plaintiff completed an incident report for the injury and requested that she be allowed to return to Dr. Abrams.

20. Following the injury, MGI allowed Plaintiff to be placed on light duty, i.e., no physical labor tasks.

21. On February 28, 2022, Human Resources Representative Makeila Clements telephoned Plaintiff and informed her that she was terminated, allegedly for falsifying a team member's work time.

22. Plaintiff contends that she keyed in an employee's work times to correct for problems with defective timecards, and she reported the defective timecards to Assistant Team Lead Shameshia Walls and Ms. Anderson in January 2022.

23. Furthermore, Plaintiff contends she ordered new timecards to replace the defective ones from CEO Secretary Jaime Edwards in February 2022.

24. Notably, after Plaintiff was terminated, Plaintiff filed for Unemployment.

25. MGI contested Plaintiff's reception of Unemployment benefits alleging that she was terminated for falsifying a team member's work time.

3

26. However, on April 12, 2022, Plaintiff appealed the decision with the Mississippi Department of Employment Security (MDES).

27. Plaintiff successfully countered MGI's allegations and showed that she did not falsify any work times and no stolen time resulted from her actions.

28. Following a detailed evaluation of the situation including interviewing both sides, Administrative Law Judge Catherine Paine indicated that MGI had failed to substantiate misconduct on Plaintiff's part, and she reversed the decision so that Plaintiff was awarded unemployment benefits.

29. Defendant is now bound by that factual determination by the MDES.

30. Despite Plaintiff's long history of strong job performance with MGI, no severance agreement was offered.

31. After Plaintiff was terminated, Plaintiff learned that she was replaced by Cordarius Dortch (male in his 20s).

32. On May 27, 2022, Plaintiff filed an EEOC Charge of Discrimination due to sex and age, against MGI.

33. On October 3, 2022, in response to Plaintiff's Charge, MGI submitted a Position Statement to the EEOC.

34. MGI's Position Statement alleges that Plaintiff was terminated due to falsification of timecards.

35. Yet, as noted above, that factual situation was previously addressed by MDES, and Administrative Law Judge Paine ruled that MGI failed to substantiate that Plaintiff was guilty of misconduct.

36. Plaintiff maintains that she did not falsify any work times and no stolen time resulted from her actions.

37. MGI's Position Statement further alleges that Cordarius Dortch was promoted to the position of Assistant Store Manager, i.e., not Assistant Team Lead, on February 11, 2022, with an anticipated start date of February 14, 2022.

38. Plaintiff maintains that Mr. Dortch was, in fact, promoted to the position of Assistant Team Lead, i.e., not Assistant Store Manager, to replace Plaintiff's vacant position, and this fact can be corroborated by Assistant Team Lead Shameshia Walls.

## COUNT I: TITLE VII- SEX DISCRIMINATION

39. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

40. As described in more detail above, Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female.

41. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

42. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT II: ADEA- AGE DISCRIMINATION

43. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

44.     As described in more detail above, Defendant has discriminated against Plaintiff because of her age based which constitutes a violation of the Age Discrimination in Employment Act.

45.     As a direct result, Plaintiff has suffered lost wages, benefits and other pecuniary losses.

46.     The unlawful actions of Defendant complained of above were willful intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff and entitle Plaintiff to an award of liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back pay;
2.     Reinstatement or front pay in lieu of reinstatement;
3.     Lost benefits;
4.     Liquidated damages;
5.     Compensatory damages;
6.     Punitive damages;
7.     Pre-judgment and post-judgment interest;
8.     A tax gross-up and all make whole relief;
9.     Attorney's fees;
10.     Costs and expenses; and
11.     Any further relief to which the Court deems appropriate pursuant to Title VII and/or the ADEA.

THIS the 24th day of February 2023.

Respectfully submitted,

YOLANDA WEBB, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
       Louis H. Watson, Jr.  (MB# 9053)

6

Nick Norris (MB# 101574)
Attorneys for Plaintiff


OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com